JEFFREY CARRINGTON, JR.,[1] *vs.* COMMISSIONER OF EDUCATION
& another.[2]

Hampden. October 5, 1988. — March 13, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Education*, Special educational needs. *School and School Committee*, Spe-
cial education, Reimbursement for special educational needs.

The Bureau of Special Education Appeals may order a school committee to
reimburse parents retroactively for the costs of an interim private educa-
tional placement for their child, incurred during the pendency of the
parents' challenge, in administrative proceedings, of the school commit-
tee's proposed Individualized Educational Plan. [294-297]

An action brought to review a determination of the Bureau of Special
Education Appeals, in proceedings under G. L. c. 71B, was remanded
for further hearings before the bureau on the issue whether parents who
placed their child in a private school during the pendency of their chal-
lenge to the school committee's proposed Individualized Educational
Plan were entitled to reimbursement for the costs of the interim private
placement. [297]

CIVIL ACTION commenced in the Superior Court Department
on May 6, 1983.

The case was heard by *George C. Keady, Jr.*, J. on motions
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Ellen B. Kaplan* for the plaintiffs.

*Charles A. Collins* for School Committee of East Long-
meadow.

*Alice E. Moore*, Assistant Attorney General, for the Com-
missioner of Education.

---

[1] By his parents and next friends, Judith Carrington and Jeffrey Carrington.

[2] School committee of East Longmeadow.

O'CONNOR, J. This case arises under the Education of the Handicapped Act, 20 U.S.C. § 1400 (1982), and the Commonwealth's Children With Special Needs statute, G. L. c. 71B, inserted by St. 1972, c. 766, § 11, popularly known as Chapter 766. The issue on review is whether, in the circumstances of this case, the parents of a minor child in need of special education may be entitled to reimbursement for the cost of the child's education in a private residential school during the pendency of administrative proceedings to determine an appropriate educational program for the child. The relevant circumstances are set out in the course of this opinion.

The Education of the Handicapped Act was enacted "to assure that all handicapped children have available to them . . . a free appropriate public education . . . designed to meet their unique needs . . . ." 20 U.S.C. § 1400(c) (1982). The Act provides also that handicapped children should be educated with nonhandicapped children "to the maximum extent appropriate," that is, in the least restrictive feasible setting. § 1412(5)(B). The Act sets forth substantive and procedural requirements with which States wishing to receive Federal funds must comply. §§ 1413, 1415.

The Massachusetts statute implementing the Federal Act is G. L. c. 71B. Chapter 71B, § 3, provides in part that "the school committee of every city, town or school district shall identify the school age children residing therein who have special needs, diagnose and evaluate the needs of such children, [and] propose a special education program . . . . The parents . . . may refuse the education program suggested by the initial evaluation and request [a] hearing by the [Department of Education] into the evaluation of the child and the appropriate education program. . . ." The department may recommend alternative placements and "parents . . . may either consent to or reject such proposals." If the parents reject the department's recommended placement, "the matter shall be referred to the state advisory commission on special education . . . regarding the placement of the child."

During the 1980-1981 school year, Jeffrey Carrington, Jr., attended a day school program as set forth in an Individualized

Educational Plan proposed by the defendant school committee of East Longmeadow (school committee), and agreed to by his parents. For the 1981-1982 school year, the school committee prepared a new Individualized Educational Plan providing that Jeffrey continue his education at the same day school. His parents rejected that proposal and requested that Jeffrey be placed in a residential program at the Devereaux School in Scottsdale, Arizona. The parents and the school committee were unable to reach agreement on an Individualized Educational Plan before the school year began.

In September, 1981, Jeffrey again began the school year at the day school recommended by the school committee. His parents then requested a determination from the Bureau of Special Education Appeals, a bureau within the Division of Special Education of the Department of Education, as to whether the school committee's recommended Individualized Educational Plan, providing that Jeffrey remain in day school, was "the least restrictive adequate and appropriate educational placement" for Jeffrey or, instead, residential school placement was required.

The Bureau of Special Education Appeals held three hearings. On January 21, 1982, the day after the last hearing, the parents removed Jeffrey from the day school and enrolled him in the Devereaux School in Scottsdale. On March 19, 1982, the Bureau of Special Education Appeals issued its decision that the school committee's plan was the least restrictive adequate and appropriate educational placement for Jeffrey. The parents appealed to the State Advisory Commission on Special Education pursuant to G. L. c. 71B, § 3. On July 13, 1982, after concluding that Jeffrey had not made sufficient progress in his day school and that the school committee's plan was not adequate and appropriate, the State Advisory Commission reversed the decision of the Bureau of Special Education Appeals and remanded the matter to the bureau for further hearings to determine the least restrictive adequate and appropriate program for Jeffrey.

After such a hearing, the bureau issued a decision on April 11, 1983, that "Jeffrey is entitled under law to a [residential]

placement in a c. 766 approved educational placement that provides the services by which he progressed in his Devereaux (Arizona) placement," and ordered the school committee to submit names of such a placement to the parents. However, the bureau, by its hearing officer, denied the parents' request for reimbursement for the costs of Jeffrey's Devereaux placement "insofar as Devereaux (Arizona) is not a c. 766 approved school." The hearing officer denied reimbursement because of a Department of Education regulation that stated that "[t]he hearing officer may not specify a day school . . . or a residential school . . . program for a child unless the program is approved under Chapter 8 [now 603 Code Mass. Regs. § 18.00 (1986)] of these regulations." On May 20, 1983, Jeffrey's parents removed him from the Arizona school. Pursuant to an Individualized Educational Plan agreed to by the parents and the school committee, Jeffrey began a residential program in Framingham, Massachusetts, on June 21, 1983.

The plaintiffs commenced this action in May, 1983, seeking judicial review of so much of the bureau's decision as denied the parents' request for reimbursement for the expenses of educating Jeffrey at the Devereaux School in Scottsdale, Arizona, during the pendency of the administrative proceedings. In February, 1987, the defendant Commissioner of Education moved that the case be remanded to the Bureau of Special Education Appeals for the bureau's resolution of the question whether the parents were entitled to reimbursement. By that time, the United States Supreme Court had decided *School Comm. of Burlington* v. *Department of Educ.*, 471 U.S. 359 (1985). In *Burlington*, the Supreme Court held that the Education of the Handicapped Act authorizes reimbursement of parents "for their expenditures on private special education for a child if the court ultimately determines that such placement, rather than a proposed [Individualized Educational Plan], is proper under the Act." *Id.* at 369.

In support of his motion for remand, the defendant Commissioner stated as follows: "[I]t is the policy of the [Bureau of Special Education Appeals] to award reimbursement consistent with the standards set forth in *School Comm. of Burlington* v.

*Department of Education*, [*supra*]. It appears from a review of the administrative record that the appropriate considerations were not focused on by the parties or the hearing officer at the original administrative hearing, which primarily concerned the appropriate educational placement for Jeffrey. It further appears that additional evidence bearing on the question of reimbursement should be developed for proper resolution of this question. As this case has been brought under G. L. c. 30A, § 14, the factual record must be developed before the administrative agency rather than the Superior Court."

Before any action was taken on the Commissioner's remand motion, the plaintiffs moved for summary judgment ordering the defendants to reimburse them for Jeffrey's educational costs "or in the alternative for remand to the [Bureau of Special Education Appeals] in accordance with the State Defendant's Motion to Remand the Case . . . ." The school committee also moved for summary judgment in its favor. A judge denied the plaintiffs' motion and allowed the defendants' motion. Relying on *Amherst-Pelham Regional School Comm.* v. *Department of Educ.*, 376 Mass. 480, 482 (1978), the judge concluded, as had the bureau hearing officer, that reimbursement was not authorized because Jeffrey's placement was not at a school approved under the department's regulations. The plaintiffs moved for reconsideration to the extent that they requested a remand of the case to the Bureau of Special Education Appeals. The judge denied that motion, and also, on his own motion, dismissed the case against the defendant Commissioner of Education. The plaintiffs appealed. We granted the plaintiffs' request for direct appellate review. We now reverse the judgments for the defendants and we remand this case to the Superior Court with an instruction to remand the case to the Bureau of Special Education Appeals for further proceedings consistent with this opinion.

"[P]ermitting reimbursement promotes the purpose and policy of the [special education law]." *Doe* v. *Brookline School Comm.*, 722 F.2d 910, 921 (1st Cir. 1983). In *Amherst-Pelham Regional School Comm.* v. *Department of Educ.*, *supra* at 482-483, we concluded that the Department of Education may

order a school committee to reimburse parents where the Bureau of Special Education Appeals or the State Advisory Commission for Special Education "determine[s] . . . that a program proposed . . . by the school committee . . . and rejected by the parents . . . is inadequate, and where the parents . . . have, pending their appeal . . . , enrolled the child in a private institution which [the bureau or the State Advisory Commission] . . . determines to have been appropriate . . . ." In that case, the parents had enrolled their child in the very school that the bureau subsequently specified for the child's placement. In that context, we observed that, "if the statutory system had worked as intended, the child would have received publicly funded educational services after his parents had accepted the originally proposed plan," *id.* at 492, and that "the departmental policy requiring reimbursement places the parent and child precisely where they would have been had the school committee initially fulfilled its statutory obligations in evaluating the child." *Id.* at 493. The difference between the *Amherst-Pelham* case and this one is that, in this case, the interim school chosen by the parents was not ultimately specified by the bureau in connection with the Individualized Educational Plan adopted for Jeffrey. In fact, the interim school was not even on the approved list for placement under the department's regulations. Our question is whether those facts are fatal to the parents' having a right to reimbursement. We conclude that they are not.

Under *Amherst-Pelham*, the judge correctly determined that a court may order reimbursement only where (1) the school committee's proposed Individualized Educational Plan has been determined to be inadequate; and (2) the parents' chosen placement has been determined to be "appropriate." It is beyond dispute that the first prong of that test has been met. However, while the hearing officer ordered placement that provides the same services as the Devereaux placement in Arizona, he failed to make any specific findings as to the "appropriateness" of that placement for purposes of determining entitlement to reimbursement.

We think that the hearing officer's reasoning, with which the judge agreed, that the parents were not entitled to reimbursement because the school chosen by the parents was not on the department's "approved" list, was not correct. In our view, reimbursement is required if the Devereaux School in Scottsdale was "appropriate" even if it was not on the approved list. Title 603 Code Mass. Regs. § 28.00, par. 403.2 (1981), as it read at the time of the bureau hearing, provided, "The hearing officer may not specify a day school . . . or residential school . . . program for a child unless the program is approved under Chapter 8 [now 603 Code Mass. Regs. § 18.00 (1986)] of these regulations." This regulation speaks only to the bureau's power to order prospective placement. It does not apply to the question of retroactive reimbursement.

Paragraphs 403.0-403.2, as appearing in the 1981 regulations, confer several distinct powers on the bureau. Paragraph 403.1 empowers the bureau to order a type of placement such as residential placement, leaving it to the local school committee, with the agreement of the parents, to determine the precise school at which the child will be placed. Paragraph 403.2 allows the bureau, as an alternative to ordering a type of placement, to specify a particular school. If the bureau chooses to specify the school, it may specify only a school that has already been approved by the Department of Education. However, if the bureau chooses only to order the type of placement, as in this case, nothing in the regulations prevents the school committee from choosing a school not on the approved list and then obtaining the bureau's approval. Had the statutory scheme worked in this case as intended, and had the bureau deemed the Devereaux School in Scottsdale, Arizona, to have been appropriate to Jeffrey's needs, Jeffrey could have been placed in that school from the beginning. We conclude that the Bureau of Special Education Appeals may order reimbursement where parents place their child in a nonapproved school while disputing a school committee's Individualized Educational Plan. Our conclusion is consistent with *School Comm. of Burlington* v. *Department of Educ., supra,* and *Amherst-Pelham Regional School Comm.* v. *Department of Educ., supra,* as well as with

the Department of Education's interpretation of its own regu-
lations, to which interpretation we give considerable weight.
*Finkelstein* v. *Board of Registration in Optometry*, 370 Mass.
476, 478 (1976).

Remand to the bureau for further hearings is necessary. In
determining whether to order reimbursement, the hearing of-
ficer should have in mind that reimbursement is essentially an
equitable remedy. See *School Comm. of Burlington* v. *Depart-
ment of Educ.*, *supra* at 374; *Doe* v. *Brookline School Comm.*,
722 F.2d 910, 919-921 (1st Cir. 1983). "[W]hether to order
reimbursement, and at what amount, is a question determined
by balancing the equities. Factors that should be taken into
account include the parties' compliance or noncompliance with
state and federal regulations pending review, the reasonable-
ness of the parties' positions, and like matters [such as 'bad
faith' or 'serious procedural errors']." *Burlington* v. *Depart-
ment of Educ.*, 736 F.2d 773, 801-802 (1st Cir. 1984), aff'd,
471 U.S. 359 (1985).

The judgments for the defendants are reversed. This case is
remanded to the Superior Court with an instruction to remand
to the Bureau of Special Education Appeals of the Department
of Education for further proceedings consistent with this opin-
ion.

*So ordered.*